The CANADIAN INDEMNITY COM-
PANY, a corporation, and Alvin
Kelly, Plaintiffs,

v.

The STATE AUTOMOBILE INSURANCE
ASSOCIATION, a corporation,
Defendant.

Civ. A. No. 33969.

United States District Court,
N. D. California, S. D.

Dec. 8, 1954.

Edward A. Friend, San Francisco, Cal., for plaintiffs.

Alexander, Bacon & Mundhenk, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

The defendant has moved to dismiss for insufficiency of service of process under Rule 12(b) (5) of the Federal Rules of Civil Procedure, 28 U.S.C.A. For the purposes of this motion the pleadings and affidavits establish the following uncontradicted facts:

1. The plaintiff, The Canadian Indemnity Company, a corporation, is a corporation existing by virtue of the laws of the Dominion of Canada, and the plaintiff, Alvin Kelly, is a resident of the State of Idaho;

2. The defendant is a corporation existing under the laws of the State of Iowa;

3. There is a personal injury action pending in the Superior Court of the State of California in which one Harry Paulson is the plaintiff and Ernst Bros.

Inc., a California corporation, and Alvin Kelly (plaintiff here) are defendants;

4. Ernst Bros. Inc. is insured by Canadian and Kelly is an additional insured under the omnibus definition of insured in the policy;

5. Paulson (the plaintiff in the California action) was an employee of Dual Manufacturing & Sales Inc., a Minnesota corporation, when he is alleged to have been injured in an accident in Idaho involving trucks of Ernst and Dual;

6. Dual is insured by defendant here, and Kelly is alleged to be an additional insured under the policy;

7. Canadian has made demand on defendant that it acknowledge coverage of Kelly, and that it participate in the defense of the tort action now pending in California, and defendant has denied all coverage;

8. Plaintiffs seek declaratory relief in this Court that as between plaintiff, Canadian, and defendant, the defendant's policy is primary insurance, and Canadian's policy is excess insurance, and that defendant is legally obligated to furnish a defense to Kelly in the California action since Kelly is an insured under defendant's policy covering Dual;

9. There was delivered to the Insurance Commissioner of the State of California a copy of the summons attached to the complaint in this action in an attempt to serve the defendant under the provisions of Section 1610 et seq., of the Insurance Code of the State of California; and

10. Dual has not qualified to, nor is it authorized to, do business in California under the laws of the State of California.

Defendant contends that Dual does not in fact do business in California, but this statement is controverted by plaintiffs' affidavit that Dual does in fact do business in California. This conflict is immaterial because under the uncontested facts this action must be dismissed for insufficiency of service of process.

Service of summons on defendant was attempted under the provisions of Rule 4(d) (7), F.R.C.P., "* * * in the manner prescribed by the law of the state in which the service is made * * *." The California Insurance Code section 1610 et seq., known as the Unauthorized Insurers Process Act, provide for substituted service on the Insurance Commissioner in certain limited situations. A reading of sections 1610 and 1611 is dispositive of the issues here. These sections read as follows:

"§ 1610. Acts described in § 1611 to constitute appointment of commissioner as attorney of insurer for service of process. Any of the acts described in Section 1611, when effected in this State, by mail or otherwise, by a foreign or alien insurer which is nonadmitted at the time of the solicitation, issuance or delivery by it of contracts of insurance to residents of, or to corporations authorized to do business in, this State, is equivalent to and shall constitute an appointment by such insurer of the commissioner and his successor or successors in office to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding instituted by or on behalf of an insured or beneficiary arising out of any such contracts of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer."

"§ 1611. Acts referred to in § 1610. The acts referred to in Section 1610 are:

"(1) The issuance or delivery to residents of, or to corporations authorized to do business in, this State of contracts of insurance insuring (a) the lives or persons of residents of this State physically present herein at the time of such issuance or delivery or (b) property or operations located in this State.

"(2) The solicitation of applications for such contracts.

"(3) The collection of premiums, membership fees, assessments or other considerations for such contracts.

"(4) Any other transaction of business arising out of such contracts."

Service could not be made in this case under these Sections unless a nonadmitted foreign[1] insurer issued or delivered a contract of insurance insuring property or operations located in California to a resident of California, or a corporation authorized to do business in California.

■ The undisputed facts show that the defendant is a foreign nonadmitted insurer, which is not a corporation authorized to do business in California; that the contract of insurance upon which plaintiff seeks to hold defendant liable was issued to Dual, a Minnesota corporation not authorized to do business in California; and that the plaintiff Kelly, who is alleged to be an additional insured under defendant's policy to Dual, is a resident of Idaho and not a resident of California. Thus it can readily be seen that two of the prerequisites for valid service have not been met, namely, the issuance of a policy of insurance to a resident of California, or a corporation authorized to do business in California.

■ Plaintiffs are seeking to use the California statute for a purpose never intended. Plaintiffs contend (this contention is disputed) that since Dual is doing business in California its insurer, the defendant here, is subject to service of process under the California statute. This contention simply misses the point made by the limitation in the statute that the insured person must be a resident of, or the insured corporation must be authorized to do business in, California. Therefore, the cases cited by plaintiffs are not in point. Liquid Veneer Corp. v. Smuckler, 9 Cir., 90 F.2d 196, and Fielding v. Superior Court, 111 Cal.App.2d 490, 244 P.2d 968, go to the question of service of process on a foreign corporation alleged to be doing business in California in an action against the corporation and not against its insurer. In the case at bar Dual is not a defendant, nor is it a defendant in the California action. The purpose of the California Insurance Code Sections[2]

---

1. Sections 25 and 27, respectively, of the California Insurance Code define the words "nonadmitted" and "foreign" as follows:

   "§ 25. 'Nonadmitted.' 'Nonadmitted,' in relation to a person, means not entitled to transact insurance business in this State, whether by reason of failure to comply with conditions precedent thereto, or by reason of inability so to comply."

   "§ 27. 'Foreign.' 'Foreign' means not organized under the laws of this State, whether or not admitted."

2. The purpose of the Unauthorized Insurers Process Act may be found in a declaration of policy set forth in Section 1 of that Act, Stats.1949, p. 851, ch. 495:

   "The purpose of this act is to subject certain insurers to the jurisdiction of courts of this State in suits by or on behalf of insured or beneficiaries under insurance contracts. The Legislature declares that it is a subject of concern that nonadmitted insurers have issued policies of insurance to residents of this State physically present herein at the time of such issuance, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies; that this State has an interest in providing to its residents a convenient forum for the purpose of asserting and enforcing legal rights under such policies; that if such residents are left to seek remedy in distant forums they will be, for practical purposes, without remedy. In furtherance of such state interest, the Legislature herein provides a method of substituted service of process upon such insurers and declares that in so doing it exercises its power to protect its residents and to define, for the purpose of this statute, what constitutes doing business in this State, and also exercises powers and privileges available to the State by virtue of Public Law 15, 79th Congress of the United States, Chapter 20, First Session, S.340, as amended, which declares that the business of insurance and every person engaged therein shall be subject to the laws of the several states."

is to protect insured residents of California or insured corporations authorized to do business in California. Plaintiffs are neither.

The motion to dismiss should be granted rather than quashing the service of summons because it is obvious that under no circumstances could service be obtained against defendant in California in the manner sought by plaintiffs.

It is therefore ordered that plaintiffs' action be, and the same is hereby dismissed.